FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

99 NOV 30 PH 2: 26

U.S. DISTRICT COURT
N. D. OF ALABAMA

|  |  |  |
|---|---|---|
| SOUTHERN NATURAL GAS COMPANY, | ) | **ENTERED**  DEC 0 1 1999 |
|  | ) |  |
| Plaintiff, | ) |  |
|  |  | CV 97-L-**1725**-S |
| vs. | ) |  |
|  | ) |  |
| 2.430 ACRES OF LAND LOCATED IN WALKER COUNTY, ALABAMA; VIRGIL STEWART, et al., | ) |  |
|  | ) |  |
|  | ) |  |
| Defendants. | ) |  |
|  | ) |  |

RE: Walker County Tract
No. 120

### MEMORANDUM OPINION

I.   Introduction

Currently pending before this court are objections to the Report of Commissioners filed by plaintiff, Southern Natural Gas Company ("Southern"), and defendants, Virgil Stewart and Pauline Stewart.   Under Rule 53(e)(2) of the Federal Rules of Civil Procedure, "the court after hearing may adopt the report or may modify it or may reject it in whole or in part."   Likewise, the court's review of the Report of Commissioners is only for clear error.   The following paragraphs contain the issues that were

16

discussed in oral argument, the parties' objections to the Report
of Commissioners, as well as the court's findings and final
judgment.

## II.  Discussion and Findings

A.  Damages Awarded for the Permanent Easement

The Commissioners awarded $2,020 for the permanent pipeline
easement. Defendants object generally to the values awarded. The
court however finds that defendants have failed to demonstrate any
clear error on the part of the Commissioners, and, as such, the
Commissioners' findings are approved and adopted as the findings of
the court.

B.  Amount Awarded for Temporary Easement

The Commissioners recommended that $303 was appropriate
compensation for the temporary construction easement.  The
Commissioner's findings are approved and adopted as the findings of
the court.

C.  Amount Awarded for Timber Damage

The Commissioners recommended that damage to the timber in
this easement amounted to $800.  The Commissioners' findings are
approved and adopted as the findings of the Court.

D.  Damage to the Remaining Property

The Commissioners recommended that the landowners be awarded

$2,000 compensation for damage caused by the pipeline outside of the permanent easement.   Plaintiff objects to this award and presents the testimony of its appraiser, Dennis Key, as the basis for its objection.   Mr. Key was the only witness who testified as to remainder damages.   For remainder damages to be an appropriate element of just compensation, the landowner, through credible evidence, must: (1) establish a probable use of the remaining property in the reasonably near future; and (2) establish that the presence of the pipeline will adversely impact such use.   The landowners have failed to meet this burden.   Likewise, Mr. Key testified that the pastureland outside of the pipeline easement would not be damaged by the presence of the pipeline. Therefore, the court   finds that the Commissioners' award was clearing erroneous and should be should reduced to zero dollars ($0).

Defendants also object to the Commissioners' award of remainder damages claiming that the Commissioners failed "to provide any compensation to the Defendant for loss of value to the remaining property."   Defendants further claim that he offered several witnesses who testified that the remaining property did suffer a loss of value.   The record does not reflect defendants' claims.   The Commissioners did award damage to the remainder, and it does not appear that defendants offered any witnesses at the hearing. Nevertheless, for the reasons discussed above, the court's

decision to modify the award remains.

III.  Conclusion

The Commissioners have recommended an award to the owners of
the property in the above-described easement in the amount of
$4,878.  Having concluded that only the remainder element of the
Commissioners' award is clearly erroneous, the court has decided to
moderate such award from $4,878 to $2,878. In view of the foregoing
discussion, a separate judgment will be entered in the amount of
$2,878 as just  compensation in favor of the defendants.

DONE this $30\underline{\text{th}}$ day of November 1999.

_____
SENIOR JUDGE